STATE *ex rel.* FELDKAMP *v.* MORSE and others.[1]

*(Circuit Court, E. D. Missouri.* April 5, 1886.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS—PREFERENCES—REV. ST. MO. § 354.
A debtor has a right to prefer one creditor to the exclusion of others, but where the preferred creditor receives the bulk of the debtor's property in payment of his claim, knowing that the debtor is about to make a general assignment, the assignment to him is void, under the Missouri Statutes, and he can only take his share under the general assignment.

At Law.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

Suit upon an indemnity bond given the United States marshal to indemnify him and F. Feldkamp against all damages and costs that might accrue to them by reason of the seizure and sale of certain property, claimed by said Feldkamp, to satisfy an execution issued in the case of *Morse* v. *Frank.* The other material facts are sufficiently stated in the charge to the jury.

*A. Binswanger,* for plaintiff.

*Dyer, Lee & Ellis,* for defendants.

TREAT, J., (*charging jury orally.*) Gentlemen of the jury, you understand the main inquiry before you is whether this property belonged to Feldkamp, which was seized by the marshal to pay the debt of Morse. If you think it was Feldkamp's property, the defendant must pay back the value of that property, with interest from the time it was taken, the valuation being fixed according to the appraisement at $1,544.25,—the parties differing with regard thereto.

But the next inquiry is this: Was this a transaction in good faith, by which Mr. Feldkamp, being a creditor of Frank & Sons, took this property in payment of a debt justly due him? or was it a fraudulent transaction, whereby he was to take possession of this property for the benefit of Frank & Sons, and through contrivances thereafter, as by having a new firm formed, having some other name, and turning the property back to that firm in order to cover the property for the benefit of Frank & Sons?

In examining these questions there is another element which is worth while always to consider: What was the value of Frank & Sons' estate? What were they to do with it? Did they turn it out to one or two creditors? It seems there were two creditors who received the main portion of the goods, leaving out of the transaction all the other creditors. The amount of indebtedness is stated to be between $10,000 and $11,000. Two of the creditors secured their demands, and the others secured what they could get out of an assignment. Now there have been before this court for the last two years a great many inquiries in regard to these matters, and we have been waiting for the supreme court of the state of Missouri to interpret the state statute. This court has held, and will continue to hold, until the state statute is interpreted otherwise, that where parties come, just on the eve of a collapse, and take the estate, knowing that an assignment is about to be made, they cannot hold against other creditors, because the law as interpreted by this court is that they shall all share alike.

A man, in the ordinary course of business, has a right to turn out goods for the payment of his debts; but when the final collapse is impending, and he knows it, a transfer of the entire estate to one creditor cannot be upheld, and the latter can only take his share of the estate under the subsequent assignment.

The court mentions this, because in considering this matter you

must look back and consider the *status* of the parties in this case. Here were Frank & Sons, and Feldkamp, a friend, as it seems, who had helped them along. Very naturally they would wish to secure him in preference to anybody else. If he knew that they were about to go overboard, and he chose to sweep the bulk of the assets in liquidation of his demands, and leave but a little fragment of the rest, the court will pronounce it a voidable transaction.

If you find for the plaintiff, you must give him the value of these goods from the eighth of April last, with interest to the present time.

*Mr. Binswanger.* Will your honor instruct the jury that they had the right to prefer one creditor to the exclusion of others?

*The Court.* Certainly; unquestionably. I think the jury understand that; but when that particular creditor knows this preference is to be accompanied by an assignment right away, and takes the whole of the estate, he cannot hold it. This thought has been running through my mind all the while. I did not think it worth while to trouble the jury in regard to it. What I mean is this: Mr. Feldkamp, as far as this case discloses, was an honest creditor for $2,750, and the assignment taking place on the very day, or a day or so afterwards, and he, knowing that there was to be an assignment, should have taken a fair division with the other creditors; but he wants the whole, and the court says he cannot have it; that he must come in and divide with the rest.

*Mr. Binswanger.* Morse did the same thing that Feldkamp did.

*The Court.* We will attend to that. There may be a supplemental motion. Morse & Co. cannot do it. They will all have to come in on an equitable proceeding in connection with this judgment, and divide all around fairly.

Verdict for the defendants.